UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHRISTOPHER SANDERS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:17-CV-87 |
| § | |
| UNITED STATES OF AMERICA, *et al*, § | |
| § | |
| Defendants. § | |

# ORDER

*Pro se* Plaintiff Christopher Sanders filed this prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 and the undersigned has entered a Memorandum and Recommendation that this case be dismissed. (D.E. 1 and D.E. 12). Pending are Plaintiff's third Motion to Proceed *In Forma Pauperis* and his third Motion to Transfer. (D.E. 34 and D.E. 35). Both Motions are **DENIED** for the reasons stated in the undersigned's December 26, 2017 and December 28, 2017's Orders. (D.E. 29 and D.E. 33).

Additionally, Plaintiff has filed a Motion for Appointment of Counsel. (D.E. 36). Plaintiff cites to his *pro se* status and requests counsel be appointed to assist him with his case. The Motion is **DENIED**. No constitutional right to appointment of counsel exists in civil rights cases. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "exceptional circumstances" exist. *Cupit v. Jones*, 835

F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). The Fifth Circuit has enunciated several factors that the Court should consider in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

*Jackson*, 811 F.2d at 262 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)); *accord Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). Upon careful consideration of the factors set forth in *Jackson*, the Court finds that appointment of counsel is not warranted at this time. Regarding the first factor, Plaintiff's civil rights claims do not present any complexities that are unusual in prisoner actions. The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff has thus far demonstrated he is able to communicate adequately and file pleadings with the Court. The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature. Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case as the undersigned, upon screening, has recommended Plaintiff's complaint be dismissed for failure to state a claim and/or as frivolous pursuant

to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (D.E. 12). Therefore, Plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice. (D.E. 36).

ORDERED this 9th day of January, 2018.

_____
Jason B. Libby
United States Magistrate Judge